UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL NETT,

    Petitioner,

v

MARY BERGHUIS,

    Respondent.

_____/

Case No. 1:10-cv-924

HON. JANET T. NEFF

## **OPINION**

    This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

    Petitioner argues that the Magistrate Judge "erred in concluding that trial defense counsel was not ineffective" (Pet'r Obj., Dkt 31 at 1; R & R, Dkt 30 at 24, 26, 28). Specifically, he asserts that the Magistrate Judge was incorrect in the following determinations: (1) that counsel was not ineffective in failing to call an expert witness to testify on Petitioner's behalf; (2) that counsel's failure to present exhibits at trial was not ineffective; and (3) that counsel's decision to consolidate

all charges against Petitioner into one trial did not constitute ineffective assistance. For the reasons stated herein, Petitioner's objections are without merit.

Petitioner first argues that "[t]rial defense counsel was ineffective for failing to call an expert witness to articulate the appropriate procedures for determining if a patient is suffering from fibromyalgia and myofascial pain syndrome" (Dkt 31 at 2). He asserts that "any touching that was done by him was to the trigger points to determine if the patient had fibromyalgia and myofascial pain syndrome" and that "neither of [the prosecutor's] experts were educated or trained in the field for diagnosing fibromyalgia and myofascial pain syndrome" (*id.*). Therefore, he argues that "[i]t was only proper for trial counsel to present an expert witness['s] testimony to the jury, to support Petitioner's case" (*id.*).

As the Magistrate Judge correctly determined in the Report and Recommendation, "Petitioner's theory at trial was that the allegations against him were untrue, not that he did, in fact, touch the victims as alleged but only for medicinal or treatment purposes" (Dkt 30 at 23). In his objections to the R & R, Petitioner continues to contend that he "did not sexually assault any of the alleged victim's [sic] by grabbing anyone's breast, buttocks, forcing anyone's head into his groin, or by penetrating any alleged victim's vagina" (Dkt 31 at 2). Therefore, as stated by the Michigan Court of Appeals in this case, "'[e]xpert testimony that [Petitioner's] actions were consistent with appropriate chiropractic treatments would have been contrary to his defense of complete denial'" (Dkt 30 at 24). Because Petitioner "'consistently denie[s] touching the victims in the manner testified to'" (*id.*), the Magistrate Judge correctly determined that there exists no "legitimate basis for presenting opinion testimony in support of Petitioner's actual theory that the victims were simply testifying untruthfully" (*id.* at 23) (citing *People v. Brown*, No. 270328, 2007 WL 3085496, at *2

(Mich. Ct. App. Oct. 23, 2007) ("[e]xpert testimony regarding the credibility of a witness is impermissible, because questions of credibility are solely to be decided by the jury"). Accordingly, Petitioner's objection that counsel's performance was deficient in failing to call an expert witness is denied as without merit.

Petitioner next argues that trial counsel provided ineffective assistance in that he failed to present exhibits at trial (Dkt 31 at 2-3). Specifically, Petitioner asserts that "there are trigger points that are in certain places of the body that are used to diagnosis [sic] for medical treatment" (*id.* at 3), as demonstrated in the exhibits attached to his petition, and "[i]t was important for the jury to see these [e]xhibits to understand the medical treatment each of these patients [was] receiving" (*id.*). Therefore, Petitioner alleges that "[b]y defense counsel failing to submit this evidence to the jury, this denied Petitioner his right to a fair trial … " (*id.*).

Again, the Magistrate Judge properly determined that because Petitioner denies he touched the victims in the way that they allege, "[t]he Court fails to discern how introduction of a 'learned treatise' would have advanced Petitioner's theory that the victims had testified untruthfully" (Dkt 30 at 25). The Magistrate Judge also correctly determined that even if counsel's performance in this regard is considered deficient, "Petitioner cannot establish that he was prejudiced thereby as he has failed to identify any exhibit or material supporting the theory that massaging a patient's breasts or digitally penetrating her vagina is a legitimate treatment for fibromyalgia or myofascial pain syndrome" (*id.*). Furthermore, as noted by the Michigan Court of Appeals, "'[Petitioner] was given an opportunity to testify about the exhibit, and explained to the jury that the location of the trigger points coincided with the areas he touched when treating the victims'" (*id.* at 26). Accordingly,

Plaintiff's objection that counsel was deficient for not introducing the exhibits is denied as without merit.

Petitioner's final argument is that "[d]efense counsel was ineffective for combining all charges into one trial" (Dkt 31 at 4). Specifically, Petitioner objects to the Magistrate Judge's determination that "[e]ven had Petitioner opted for multiple trials, the testimony of every victim would certainly have been admissible at every trial as evidence of Petitioner's scheme or plan to victimize certain of his patients" (Dkt 30 at 26). In his objection to the R & R, Petitioner argues that the Magistrate Judge's determination is incorrect because "there is no evidence to show Petitioner's scheme or plan to victimize certain patients" (Dkt 31 at 3). Petitioner's argument is without merit.

As illustrated in victims' testimony documented in the R & R (Dkt 30 at 2-10), the alleged assaults all occurred under very similar circumstances. The victims testified that they were told to remove their clothing except for their underwear and to put on a gown (Dkt 30 at 2-4, 6-10). The victims then testified that Petitioner would perform a "chiropractic adjustment followed by [a] massage" (*id.* at 2-10). It was during this "massage" that the victims allege that Petitioner "massaged [their] breasts" (*id.* at 2, 4, 6, 9, 10), "cupped" and "massaged" their buttocks (*id.* at 4-7, 9), "penetrated [their] vagina[s]" with his fingers (*id.* at 5-8, 10), and put their heads into his "groin" and "crotch area" (*id.* at 4, 5). This testimony clearly provides evidence of a consistent "scheme or plan" used by Petitioner in the alleged assaults. Therefore, the Magistrate Judge correctly determined that the testimony of every victim would almost certainly have been admissible in each and every proceeding, and Petitioner cannot show either deficient performance or prejudice (Dkt 30 at 26-27) (citing Michigan Rule of Evidence 404(b)). Accordingly, counsel's consolidation of the

charges against Petitioner did not "strengthen the hand of the prosecution" as Petitioner contends (Dkt 31 at 3), and his objection is denied as without merit.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: October 10, 2012         /s/ Janet T. Neff
                               JANET T. NEFF
                               United States District Judge